UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSH SMALLING ROOFING AND RESTORATION CO., LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:20-cv-00850-JPH-DML ) |
| HONEYCOMB PRODUCTS, INC., SENTRY INSURANCE A MUTUAL COMPANY, | ) ) ) ) |
| Defendants. | ) ) |
| HONEYCOMB PRODUCTS, INC., | ) ) |
| Cross Claimant, | ) ) |
| v. | ) ) |
| SENTRY INSURANCE MUTUAL COMPANY, | ) ) ) |
| Cross Defendant. | ) |

**ORDER**

Defendant Sentry Insurance removed this case to this Court, alleging that this Court has diversity jurisdiction over this matter. Dkt. 1. For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). Sentry alleges that it is a citizen of Wisconsin and that Plaintiff Josh Smalling Roofing and Restoration is a citizen of Indiana. Dkt. 1 at 3. Sentry also alleges that Defendant/Cross-

1

Claimant Honeycomb Products should be realigned as a plaintiff because its interests are aligned with Josh Smalling Roofing rather than with Sentry. *Id.* at 3-7. However, Sentry does not allege Honeycomb's citizenship.

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Therefore, the Court **ORDERS all parties** to file a joint statement **by April 20, 2020**, that (1) alleges the citizenship of all parties; (2) analyzes the proper alignment of each party, including the claims in the amended complaint and all counterclaims; and (3) analyzes the Court's subject-matter jurisdiction. If the parties cannot agree on a joint statement, they **SHALL FILE** separate statements **by April 20, 2020** addressing the issues identified above and indicating whether they plan to file a motion to remand.

**SO ORDERED.**

Date: 3/23/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

William David Beyers
BUCHANAN & BRUGGENSCHMIDT PC
bbeyers@bbinlaw.com

Michael Robert Giordano
LEWIS WAGNER LLP
mgiordano@lewiswagner.com

Charles Johnson
401 Ohio Street
Terre Haute, IN 47807

Eric C. McNamar
LEWIS WAGNER LLP
emcnamar@lewiswagner.com

Terry R. Modesitt
MODESITT LAW FIRM, PC
terry@modesittlawfirm.com

Joel Modesitt
FREY LAW FIRM AND MODESITT LAW FIRM, PC
joel@modesittlawfirm.com

Jared R. Modesitt
MODESITT LAW FIRM
jared@modesittlawfirm.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com